671 A.2d 218

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Nicholas YARRIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Aug. 30, 1995.

Decided Dec. 29, 1995.

310

Scott David Galloway, Springfield, for N. Yarris.

Dennis C. McAndrews, Media, Robert A. Graci, Harrisburg, for Commonwealth.

Before NIX, C.J., and FLAHERTY ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

*OPINION*

NIX, Chief Justice.

This is an appeal from the denial of a Motion for a New Trial filed by Appellant, Nicholas Yarris, in the Court of Common Pleas of Delaware County. Appellant is currently sentenced to death as a result of his conviction for the kidnap, rape, and murder of Linda Craig on December 15, 1981.[1] The number of Appellant's filings in state and federal courts has made the procedural history of the instant appeal somewhat involved. For the sake of clarity, we will briefly outline the proceedings that are directly relevant to our resolution of this matter.

At some time in 1989, Appellant purportedly filed a *pro se* Motion for a New Trial for Newly Discovered Evidence and Unlawful/Intentional Destruction of Exculpatory Evidence (hereinafter "Motion for a New Trial") in the Court of Common Pleas of Delaware County.[2] However, the docket entries for Appellant's case did not indicate that such a filing was ever received. Likewise, the trial judge, the Honorable William R. Toal, Jr., and the Office of the District Attorney of Delaware

---

1. This Court previously affirmed Appellant's conviction and sentence following his statutorily mandated direct appeal from a sentence of death. *Commonwealth v. Yarris,* 519 Pa. 571, 549 A.2d 513 (1988), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3201, 105 L.Ed.2d 708 (1989).

2. The substance of Appellant's motion, which will be discussed in greater detail *infra,* is that gloves found at the murder scene were improperly withheld by the Commonwealth and subsequently used at trial without first having been introduced into evidence.

County had no record of having received Appellant's *pro se* motion.

On June 28, 1990, Appellant filed a *pro se* Petition for Review with this Court which requested that the trial court be compelled to act on his outstanding Motion for a New Trial. Because there was no evidence that Appellant's motion had been received or docketed in the court of common pleas, we granted the Commonwealth's Motion to Quash the petition on September 17, 1990.

On January 4, 1991, Appellant's state court defense counsel, Scott Galloway, Esquire, filed in the court of common pleas a Motion for New Trial which was identical to the *pro se* motion prepared by Appellant some two years earlier. Because this motion was not addressed by the trial court,[3] Appellant refiled his Petition for a Writ of Habeas Corpus in United States District Court for the Eastern District of Pennsylvania on October 23, 1991.[4] Appellant's petition was dismissed without prejudice by the district court on August 14, 1992, for failing to exhaust state remedies. On October 12, 1993, the United States Court of Appeals for the Third Circuit reversed and remanded the matter to the district court for a determination of whether there had been an unreasonable delay in the consideration of Appellant's claims by the court of common pleas.

On January 27, 1994, the Commonwealth filed a petition in the Court of Common Pleas of Delaware County which requested that a hearing be scheduled in order to address the issues presented in Appellant's 1989 *pro se* Motion for a New

3. The Commonwealth suggests that this pleading was not docketed "perhaps because no hearing date was set by President Judge Toal, and the defendant did not serve this document upon the Commonwealth nor attach a Certificate of Service." Brief for Appellee at 5. The Commonwealth further submits that it was unaware of the existence of this motion until Appellant's federal counsel served the Commonwealth with a copy in July of 1993, and did not know that it had been filed of record until an October 7, 1994, federal habeas corpus hearing. *Id.*

4. Appellant had previously filed a Petition for a Writ of Habeas Corpus in the district court. That petition was dismissed on December 20, 1989, for failure to exhaust state remedies.

Trial. With respect to this filing and the events that followed, the trial court stated:

> The Commonwealth's petition is designed to eliminate any confusion concerning the filing of [defendant's *pro se* motion] and requested [sic] the court to conduct a hearing on defendant's pro se motion. In an effort to move this matter forward, this court signed an order on February 8, 1994 scheduling a hearing for April 6, 1994 on defendant's Motion for a New Trial for Newly Discovered Evidence and Unlawful/Intentional Destruction of Exculpatory Evidence and stated within the order that the defendant was to be prepared to present witnesses and argue and proceed with any other outstanding motion the defendant believes to have been filed. Further, the defendant was ordered to prepare and file with this court, within ten days prior to the hearing, any other motions or petitions that he believed should be heard by this court.

*Commonwealth v. Yarris*, No. 690 of 1982, slip op. at 1–2 (C.P. Delaware County April 11, 1994).

An evidentiary hearing on Appellant's *pro se* motion was held on April 6, 1994, in the Court of Common Pleas of Delaware County. After the disposition of some preliminary matters,[5] Appellant requested a continuance on the basis that he was not able to communicate with his attorney and was not prepared to proceed with the hearing because he needed witnesses to testify on his behalf. The trial court denied Appellant's request because Appellant had been given nearly two months to prepare for the hearing on his petition. In addition, the Commonwealth was able to provide those witnesses whom Appellant claimed were necessary to support his claims for relief. Those witnesses included Detectives John Davidson and David Peifer of the Delaware County Criminal Investigation Division and Dr. Dimitri Contostavlos, Medical

---

5. Prior to the hearing, Appellant had filed *pro se* motions for recusal of the trial judge and dismissal of counsel. Appellant withdrew these motions at the outset of the hearing. (N.T. 4/6/94, 5–9).

Examiner of Delaware County.[6]

 During the course of the hearing, the trial court indicated that Appellant's Motion for a New Trial should properly be considered as a petition seeking relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. Applying the standard contained therein, the court concluded that Appellant failed to prove by a preponderance of evidence that he was entitled to relief. Appellant now appeals that decision.[7]

Appellant first argues that the trial court erroneously characterized his Motion for a New Trial as a post conviction proceeding under the PCRA to dispose of all outstanding issues related to his conviction and sentence. Appellant also implies that the trial court failed to address the substance of his *pro se* Motion for a New Trial which he alleges was filed in 1989. We find these contentions meritless.

6. Appellant indicated to the court that he wished to have Dr. Victoria Cordoba testify on his behalf; however, he was unable to make an offer of proof as to Dr. Cordoba's proposed testimony or demonstrate how it would be beneficial. (N.T. 4/6/94, 28).

7. At the outset of Appellant's brief to this Court, appellate counsel, Scott D. Galloway, Esquire, submits that this Court erred in denying his Motion for Substitution of Counsel on June 7, 1995. As support for the proposition that he should not represent Appellant, Mr. Galloway first submits that on February 14, 1994, when the court scheduled the April 6, 1994, hearing, he immediately directed Appellant to reply to materials and statements to be reviewed at the hearing. Appellant failed to reply to Mr. Galloway until just before the hearing. Thus, Mr. Galloway concludes, he was not adequately prepared to proceed on April 6, 1994.

Mr. Galloway also asserts that during a hearing in district court, Appellant's federal counsel questioned him concerning a strategy of pursuing certain post-trial motions. It is Mr. Galloway's position that a direct conflict now exists with respect to his representation of Appellant in the instant proceeding.

Notwithstanding our inability to discern the relevance of Mr. Galloway's contentions as they apply to his request for substitution of counsel, we perceive no conflict presented by the foregoing facts that would compromise Mr. Galloway's ability to zealously represent the interests of his client in the present matter. *See, e.g., Commonwealth v. Moore*, 534 Pa. 527, 633 A.2d 1119 (1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 908, 130 L.Ed.2d 790 (1995); *Commonwealth v. Williams*, 514 Pa. 62, 522 A.2d 1058 (1987); Pa.R.Crim.P. 316(c).

In anticipation of the April 6, 1994, evidentiary hearing, the trial court issued the following Order:

AND NOW, this 8th day of February, 1994, upon Petition of the Commonwealth, a hearing is hereby scheduled for the 6th day of April, 1994, at 10:00 a.m. upon defendant's Motion for New Trial for Newly Discovered Evidence and Unlawful/Intentional Destruction of Exculpatory Evidence. No later than ten (10) days prior to the date of said hearing, Nicholas Yarris and/or his counsel, Scott Galloway, Esquire, shall file with the Office of Judicial Support, and shall serve upon the Commonwealth and this Court, a written statement of any other issue 1) which is believed by the defense to be outstanding before this Court, or 2) which is desired by the defense to be raised before this Court. *At the above-scheduled hearing, all such issues shall be heard by the Court, and the defense shall be prepared to proceed on every such issue.*

(emphasis added). Thus, it was the trial court's intention to dispose of all outstanding issues, as well as any new issues, which Appellant believed warranted the grant of relief.

■ It should be noted that Appellant failed to file the written statement of new issues mandated by the court in its Order. Not only did the court overlook Appellant's failure to comply with this directive, the record indicates that the court went to great lengths to ensure that Appellant was afforded ample opportunity to present evidence in support of his claims for relief. Appellant does not demonstrate how he was prejudiced by the court's treatment of his motion as a request for PCRA relief. Likewise, he does not explain how he was prejudiced by the denial of his request for continuance.[8]

8. Although Appellant would have us believe that the trial court's ruling has foreclosed him from pursuing any future claims for relief under the PCRA, our review of the record belies such an implication. Notwithstanding the fact that Appellant was afforded the opportunity to raise any and all issues that he believed warranted relief, the court specifically stated that it was denying only the specific claims presented in Appellant's Motion for a New Trial as evidenced by the following oral ruling:

[T]hese are matters that I understand your position, and having heard it, I'm going to deny your motion in this regard as far as the gloves

A review of Appellant's filings in this matter, as well as his argument in the evidentiary hearing below, indicates that Appellant has steadfastly maintained that he first filed his *pro se* Motion for a New Trial approximately five years ago, and further, that he has been waiting that long for a hearing on this motion. It is almost incomprehensible how, upon being given two months' notice, he can now contend that a continuance was necessary to present his evidence. There is no allegation that Appellant has been denied access to counsel such that he was prevented from preparing a proper presentation of evidence in support of his Motion for a New Trial.[9] Moreover, as noted previously, the Commonwealth made available those witnesses whose testimony Appellant claimed was necessary to support his claim for relief. Accordingly, we can find no fault with the trial court's refusal to grant a continuance, nor has it been shown that the trial court erred in characterizing Appellant's motion as a claim for relief under the PCRA.

Finally, we must address Appellant's assertion that the trial court erred in denying his Motion for a New Trial. Appellant argues that the Commonwealth withheld evidence prior to trial in violation of Rule 305 of the Pennsylvania Rules of Criminal Procedure.[10] In support of this claim, Appellant contends that the Commonwealth used a pair of gloves found in the victim's car as the basis for showing color photographic

> and the other items that I've mentioned, and I indicated that I was prepared to hear additional testimony at another time on other issues, but I have no basis to do that. You've given no basis to do that, so that *I'm ruling on what is here now, and that's it.*
> (N.T. 4/6/94, 115) (emphasis added).

9. Counsel states in Appellant's brief to this Court that Appellant was notified immediately after the evidentiary hearing was scheduled on February 8, 1994, and instructed to reply to materials and statements in anticipation of that hearing. Counsel submits that Appellant did not respond "for whatever reason" until the day before the hearing. Brief for Appellant at 9. This is clearly insufficient to explain Appellant's unresponsiveness or lack of preparation.

10. Counsel for Appellant erroneously refers to this rule throughout Appellant's brief as "Rule 305 of the Pennsylvania Rules of Evidence." Counsel, a member of the Pennsylvania bar, is apparently unaware that the rules of evidence in Pennsylvania have not as yet been codified.

slides to the jury at his trial. The motive for showing these gloves, Appellant argues, is that "the jury could be expected to infer that [the] Commonwealth's lack of offering fingerprints of [Appellant] could be attributed to the wearing of these gloves." Brief for Appellant at 13.

■ The crux of Appellant's claim is that because the gloves were not introduced as evidence at trial, the jury should not have been permitted to view the photographic slides in which the gloves were shown.[11] Apart from the highly speculative and convoluted reasoning offered by Appellant on this point, we are not presented with any substantive basis to conclude that Appellant was prejudiced by the jury having viewed these slides. Rather, we find Appellant's explanation, that he was prejudiced by the Commonwealth's failure to show that his fingerprints were found at the murder scene, to border on the absurd.

The gloves are also the focus of a separate charge of wrongdoing by the Commonwealth. Appellant characterizes the gloves as "newly discovered evidence" and makes the unsubstantiated claim that "although [he] has for years sought to provide definitive proof of the actual assailant's identity through latent fingerprint testing and/or DNA testing, the Commonwealth has avoided this specific scientific testing." Brief for Appellant at 14. Appellant implies that the Commonwealth has intentionally prevented him from disproving his guilt with respect to this evidence.[12] However, the record indicates that the gloves were present at the April 6, 1994, hearing, and, according to the assistant district attorney, had been made available for Appellant's inspection at all times prior to that hearing. (N.T. 4/6/97, 29–30). This statement was not challenged by Appellant.

11. It is also claimed that the Commonwealth possessed these gloves prior to trial and failed to provide Appellant with access to same. Our review of the record fails to disclose any evidence to support such a contention.

12. Appellant makes several other bare allegations that the Commonwealth has either destroyed or withheld evidence. These charges do not rise to the level of a claim that can be properly evaluated in the course of our review.

318

In sum, we have carefully reviewed the record of the evidentiary hearing below and are unable to conclude that the trial court improperly characterized Appellant's motion as a request for PCRA relief. Further, the paucity of evidence presented by Appellant together with his failure to make an offer of proof for a continuance provides utterly no basis from which relief can be granted.

Order affirmed.

MONTEMURO, J., participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f).