**Nicholas YARRIS, Petitioner,**

v.

**Martin HORN, et al., Respondents**

**No. CIV.A. 99–5322.**

United States District Court,
E.D. Pennsylvania.

Aug. 20, 2002.

Peter Goldberger, Ardmore, PA, Christina Swarns, Michael Wiseman, Stuart B. Lev, Defender Association of Philadelphia Federal Court Division, Philadelphia, PA, for Petitioner.

A. Sheldon Kovach, Pennsylvania Department of Corrections, Media, PA, for Respondents.

## MEMORANDUM

GILES, Chief Judge.

### Introduction

On October 26, 1999, Petitioner Nicholas Yarris, a state prisoner convicted of first degree murder, kidnapping, rape, and robbery and sentenced to death, petitioned for a writ of *habeas corpus* under 28 U.S.C. § 2254. Respondents are the Commissioner of the Pennsylvania Department of Corrections, Superintendents of the State Correctional Institutions at Greene and Rockview, the District Attorneys' Offices of Delaware County, and the State Attorney General of Pennsylvania [collectively "respondents."] Respondents answered that none of petitioner's claims entitles him to relief since most of the claims are procedurally defaulted, and the claims that are properly before this court are meritless. An oral argument was held on all of the procedural default issues raised through briefing on the habeas petition.

### Facts and Procedural History

Given the complexity of the facts and procedural history, only the relevant procedural history will be related again here. For a complete statement of the facts and procedural history of this case, see *Commonwealth v. Yarris*, 519 Pa. 571, 549 A.2d 513 (Pa.1988) (affirming the conviction and sentence on direct appeal) [*Yarris I*] and *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581 (Pa.1999) (affirming the denial of the second Post Conviction Relief Act petition) [*Yarris III*].

On July 1, 1982, a Delaware County jury convicted petitioner Nicolas Yarris ("Mr.Yarris") of the first degree murder, kidnapping, rape, and robbery of Linda Craig. In a separate hearing, the jury returned a verdict of death after finding one aggravating circumstance; namely, that petitioner had committed the killing while perpetrating a felony. The jury determined that this aggravator outweighed any mitigating circumstances. *Yarris III* at 583. The trial court had instructed the jury during the penalty phase that it had to find unanimously any mitigating circumstances before it could give effect to them in its sentencing decision. (Am. Pet., Claim XI, ¶¶ 230–240.)

On December 27, 1983, Mr. Yarris petitioned the Pennsylvania Supreme Court to remand his case to the trial court for an evidentiary hearing on trial counsel's alleged ineffectiveness in failing to present testimony from a mental health expert both to establish petitioner's diminished capacity as a defense during the trial and as a mitigating factor during sentencing. *Yarris III* at 584. The Court granted the petition and remanded the case to the trial court. The trial court scheduled the evidentiary hearing for February 20, 1985. When Mr. Yarris was being transported between the State Correctional Institute in Huntingdon to the Delaware County Court of Common Pleas, he escaped. Since the

hearing could not proceed without the petitioner, on the motion of the Commonwealth, the trial court returned the record to the Pennsylvania Supreme Court for consideration of his direct appeal. *Id.*

In December of 1986, the Pennsylvania Supreme Court, after oral argument, again remanded the case to the trial court for an evidentiary hearing, but directed that such hearing be limited to claims of ineffectiveness related to sentencing. After holding an evidentiary hearing as directed, the trial court dismissed petitioner's ineffectiveness claims. *Id.*

On June 6, 1988, the United States Supreme Court decided *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), which held that in a capital case the sentencer may not be precluded from considering and giving full effect to any mitigating aspect of the defendant's character or record, or the circumstances of the offense and a judge cannot instruct a jury that a mitigating circumstance must be unanimous to be given effect. *Id.* at 374–75, 108 S.Ct. 1860.

The Pennsylvania Supreme Court affirmed the judgment of petitioner's sentence on direct appeal on October 17, 1988. *Yarris I.*

By order entered on February 8, 1994, the trial court scheduled a hearing at the Commonwealth's request, upon motion by Mr. Yarris for a new trial. The trial court also directed him to file within ten (10) days a written statement specifying any other issue he wanted to raise before the court and to be prepared to proceed on every issue at a hearing on April 6, 1994. *Yarris III* at 585.

Mr. Yarris never filed a statement specifying additional claims. Post-conviction counsel requested a continuance on the grounds that he had been unable effectively to communicate with petitioner before

the hearing. *Id.* The trial court denied the continuance, construed the motion before it as a PCRA petition, and found that petitioner had failed to prove that he was entitled to relief under the PCRA. *Id.*

On December 29, 1995, the Pennsylvania Supreme Court affirmed the trial court (PCRA court) in all respects and made the following observation:

Although [Mr. Yarris] would have us believe that the trial court's ruling had foreclosed him from pursuing any future claims for relief under the PCRA, our review of the record belies such an implication. Notwithstanding the fact that petitioner was afforded the opportunity to raise any and all issues that he believed warranted relief, the court specifically stated that it was denying only the specific claims presented in the [collateral petition].

*See Commonwealth v. Yarris,* 543 Pa. 309, 671 A.2d 218, 221 n. 8 (Pa.1995) (denying relief under the initial PCRA petition). *(Yarris II* ) (*[Yarris II* ] *quoted in Yarris III* at 585).

On November 17, 1995, the Pennsylvania collateral relief statute was amended and became effective on January 16, 1996. The amendments placed new time limits on PCRA petitions. The relevant part of the amended limitation subsection reads:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. 42 Pa. Cons. Stat. Ann. § 9545.

On December 16, 1996, petitioner filed a *habeas corpus* petition in federal court. On January 10, 1997, one-year after the effective date of the PCRA amendments, petitioner filed a second PCRA petition which essentially mirrored the contents of the federal *habeas* petition. *Yarris III* at 585.

In June of 1997, the federal district court dismissed Mr. Yarris' federal *habeas* petition without prejudice for failure to exhaust state remedies. This was consistent with the third circuit ruling on September 19, 1997 in *Banks v. Horn,* 126 F.3d 206, 214 (3d Cir.1997) [*Banks I* ] that it was unclear whether the Pennsylvania Supreme Court would interpret the recent amendments to the PCRA statute to bar second PCRA petitions filed more than one year after the date a conviction became final, particularly in a capital case.

On June 19, 1998, the PCRA court denied petitioner's second PCRA application on the merits. (Answer to Pet., Ex. K., *Yarris II* at 4.)

On May 21, 1999, the Pennsylvania Supreme Court *sua sponte* raised the PCRA time-bar issue, found that Mr. Yarris' petition was time-barred, in that it was filed more than one-year after his conviction became final, and it failed to satisfy the statutory requirements for exemption from the one-year filing deadline. *Yarris III* at

586–87. The Court decided this issue without requesting or receiving briefing from counsel. *Id.*

■ In *Commonwealth v. Banks,* 556 Pa. 1, 726 A.2d 374, 376 (Pa.1999) [*Banks II*], decided on March 2, 1999, the Pennsylvania Supreme Court found that the PCRA statute of limitations was jurisdictional and non-waivable and trumped the relaxed waiver doctrine in capital cases.[1] On February 9, 2001, the third circuit found that it was this Pennsylvania Supreme Court decision that made it clear that the time-bar was jurisdictional and non-waivable, even in a capital case. *See Fahy v. Horn,* 240 F.3d 239, 245 (3d Cir. 2001).

Mr. Yarris' amended petition for *habeas* relief was filed in this court on October 26, 1999. After extensive briefing on the petition, the court heard argument on July 10, 2002 on which claims contained in the 28 U.S.C. § 2254 petition, if any, were procedurally defaulted because of the express ruling by the Pennsylvania Supreme Court that Mr. Yarris' second PCRA petition was time-barred.

The court finds that (1) the PCRA time-bar was not an independent and adequate state ground at the time when petitioner allegedly defaulted his right to raise these claims and these claims are not procedurally defaulted by virtue of the fact that they were first raised in Mr. Yarris' second PCRA petition; (2) some of petitioner's claims, particularly claim XI, the *Mills* claim, are considered properly exhausted on account of the review mandated by Pennsylvania's death penalty statute; and (3) claims properly raised in state court, but for which there is no state court deci-

sion addressing the merits of the federal claims, are entitled to *de novo* review.[2]

### Discussion

Respondents argue that the ruling by the Pennsylvania Supreme Court, that Mr. Yarris' second PCRA petition is time-barred, mandates a finding by the federal court that all claims raised by him for the first time in this second PCRA petition are procedurally defaulted. (Answer to Pet. at 16.) Both parties agree that it would be futile to require Mr. Yarris to attempt to raise these claims in still another PCRA petition both (1) because the Pennsylvania Supreme Court has already found his second PCRA petition time-barred since it was filed more than one-year from the date that his conviction became final. *Yarris III* at 586–87; *see Toulson v. Beyer,* 987 F.2d 984, 987 (3d Cir.1993) (finding that although unexhausted claims may not have been presented to the highest state court, exhaustion is excused when the state court would refuse on procedural grounds to hear the merits of the case); and (2) since March 2, 1999, it has been clear that the PCRA time-bar is jurisdictional and non-waivable. *Fahy,* 240 F.3d at 245. Thus, the issue before this court is whether the claims raised for the first time in Mr. Yarris' second PCRA petition were properly raised and exhausted in state court or are procedurally defaulted.

Recently, many district courts in the third circuit which have been confronted with the issue of the PCRA time-bar, 42 Pa. Cons. Stat. Ann § 9545(b), have decided that it was not an independent and adequate state ground to bar federal review until *Commonwealth v. Banks* was decided

---

1. The relaxed waiver rule in capital cases was as follows: the Pennsylvania Supreme Court provided merits review of a death-sentenced prisoner's claims that would have been otherwise barred by state procedural rules.

2. The district attorney's office stipulated during briefing and at oral argument on the procedural default issues that all claims raised in the federal *habeas* petition currently before this court, were raised in Mr. Yarris's second PCRA petition.

March 2, 1999. *Cf, Baker v. Horn,* 210 F.Supp.2d 592, 636 (E.D.Pa. 2002); *Pursell v. Horn,* 187 F.Supp.2d 260, 295–96 (W.D.Pa.2002); *Pace v. Vaughn,* No. CIV. A.99–6568, 2002 WL 985689, at *10 (E.D.Pa.2002); *Banks v. Horn,* 63 F.Supp.2d 525, 533–34 (M.D.Pa.2001) [*Banks III* ] *rev'd on other grounds; Bronshtein v. Horn,* No. CIV.A. 99–2186, 2001 WL 767593, at *8 (E.D.Pa. July 5, 2001). This court concurs with these other decisions as well as follows the holding in *Pace.*

I. *The PCRA Time–Bar is Not an Adequate and Independent State Ground Such That All Claims Raised in Mr. Yarris' Second PCRA Petition Are Procedurally Defaulted.*

 It is well-established that federal courts are barred from reviewing a state court decision which rests on an independent and adequate state procedural rule. *See Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[3] However, before a state procedural rule can act as a bar to federal review, the state rule must be both independent of federal law and adequate. *Pursell,* 187 F. Supp.2d at 290 (citing *Coleman v, Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). There is no contention that the PCRA time-bar, enacted by the state legislature and interpreted by the Pennsylvania Supreme Court, is not an independent rule. The issue is whether the PCRA time-bar was an adequate procedural rule to bar federal review at the time of Mr. Yarris' waiver.

 A state procedural rule is adequate only if it is "clear," "firmly estab- lished," and "regularly followed" at the time that the alleged procedural default occurred. *Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The purpose behind the "adequacy" requirement is notice. A petitioner must have "notice of how to present his claims in the state courts if his failure to present them is to bar him from advancing them in a federal court." *Baker,* 210 F.Supp.2d at 629 (quoting *Cabrera v. Barbo,* 175 F.3d 307, 313 (3d Cir.1999)).

In *Doctor,* the third circuit undertook a multi-step inquiry to analyze whether a state procedural rule is adequate to bar federal review. First, a district court must define the state procedural rule that was allegedly violated. Second, the district court must identify when the alleged default occurred. Third, it must review the state court decisions prior to the time of the alleged default to determine whether the procedural rule in question was firmly established and consistently applied at the time of the default ("the adequacy requirement"). 96 F.3d 675, 684–86 (3d Cir.1996).

In *Doctor,* the third circuit elaborated on the adequacy requirement and held that " [a] state rule provides an independent and adequate basis for precluding federal review of a state prisoner's *habeas* claim only if: (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state court's refusal in this instance is consistent with other decisions." 96 F.3d at 683–84. In applying the required analysis to the facts of the present case, this court is compelled to find that the claims

---

**3.** It is similarly well-established that a federal court does not analyze which procedural bars might have been applied but instead only looks at procedural bars that were applied. *See Harris v. Reed,* 489 U.S. 255, 263, 266, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). In this case, the only state procedural bar raised by the Pennsylvania Supreme Court as a ground to bar federal review was the PCRA time-bar. *Yarris III* at 586–87.

raised for the first time in the second PCRA petition are not procedurally defaulted.

### A. Procedural Bars in Question

In *Yarris III*, the Pennsylvania Supreme Court held that Mr. Yarris' second PCRA petition was time-barred by the PCRA's one-year statute of limitations, 42 PA. CONS. STAT. ANN. § 9545(b). *Yarris III* at 586–87. Respondents argue that even if you find that the PCRA time-bar is not an adequate and independent state ground to bar federal review, Mr. Yarris still has to overcome 42 PA. CONS. STAT. § 9544(b), a rule which states that any claims not raised in prior proceedings which could have been raised, are deemed waived. (Resps.' Answer at 22.)

■ The court will not address the § 9544(b) issue in detail because the Pennsylvania Supreme Court expressly relied on the PCRA time-limit to bar federal review. Further, the analysis that applies to § 9545(b), as discussed below, applies with equal force to § 9544(b). Mr. Yarris would have had a good faith basis to believe that the relaxed waiver doctrine in capital cases would excuse waiver of claims that could have been raised at an earlier point in the proceedings because "the Pennsylvania Supreme Court simply did not adhere to this provision in capital cases." *See Jermyn v. Horn*, 266 F.3d 257, 278–79 (3d Cir.2001).

### B. When the Alleged Default Occurred

There are two possible dates which could be considered the date Mr. Yarris waived his right to raise the claims first raised in the second PCRA petition. The judgment in the underlying case became final on June 16, 1989, the date on which the United StaTes Supreme Court denied Mr. Yarris' petition for certiorari. 42 PA. CONS. STAT. ANN § 9545(b)(3). Under the PCRA amendments Mr. Yarris had one-year from date that his conviction became final to file any and all PCRA petitions. Id. § 9545(b)(1). Therefore, June 16, 1990 could be considered Mr. Yarris' date of default.

■ Respondents argue that Mr. Yarris defaulted the claims raised in his second PCRA petition between the date of enactment of the amendments, November 17, 1995, and the date they became effective, January 16, 1996, by failing to raise them in a PCRA petition during that time. (Resp. to Pet.'s Reply at 23.) The court will analyze the status of waiver law in Pennsylvania cases between 1990 and 1996 to determine whether the PCRA jurisdictional time-bar was firmly established.

### C. Was the Waiver Rule Firmly Established Between 1990 and 1996?

■ As discussed *supra*, the third circuit has held that "[a] state rule provides an independent and adequate basis for precluding federal review of a state prisoner's *habeas* claim only if: (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state court's refusal in this instance is consistent with other decisions." 96 F.3d at 683–84. The PCRA time-bar fails all three prongs of the *Doctor* test as applied to Mr. Yarris.

#### 1. The PCRA Time–Bar Does Not Speak in Unmistakable Terms

In a recent opinion, the third circuit approved a district court's extensive analysis that the statutory language of the PCRA one-year time-limit, on its face, is not clearly jurisdictional. *Banks v. Horn*, 271 F.3d 527, 534 (3d Cir.2001) (approving the district court's decision to equitably toll the statute of limitations because "the state of Pennsylvania law regarding the nature of the filing requirement [42 PA.

CONS. STAT. ANN. § 9545(b)] was unclear, and Mr. Banks could reasonably have viewed the state limit as a mere statute of limitations subject to equitable tolling, not, as the Pennsylvania Supreme Court, later held..., a jurisdictional requirement") [*Banks IV*] *rev'd on other grounds.* Thus, the time-bar "does not speak in unmistakable terms."

The district court judge reasoned that while § 9545 is captioned "[j]urisdiction and proceedings," it was not clear from the statute that all of the subsections involve jurisdiction[4] or that subsection (b), stating the one year time-limit and the exceptions to it, was intended to be jurisdictional in nature. *Banks III* at 532–33. Subsection (b) states that a petition "shall be filed within one year of the date the judgment becomes final..." with certain exceptions. The subsection does not use "standard jurisdictional language" that "no court will have the authority to entertain an untimely petition." *Id.* at 533. Therefore, the district court concluded that "it cannot be said that § 9545(b) is necessarily jurisdictional in nature, as opposed to a statute of limitations subject to equitable tolling." Id. The third circuit found this reasoning persuasive in *Banks IV.* Now this court follows suit.

Further, since the PCRA amendments were written against a backdrop of the relaxed waiver doctrine, it was not clear that the PCRA time-limit would trump the relaxed waiver rule. *Pursell,* 187 F.Supp.2d at 296. The third circuit had taken this view in the earlier *Banks I* decision when it stated "we are not confident that the Pennsylvania Supreme Court, even in the face of the 1995 amendments to the PCRA, will abandon its prac-

tice of reaching the merits of claims in PCRA petitions in capital cases regardless of the failure of the petition to meet the appropriate procedural requirements." *Banks I* at 214. Thus, there was already third circuit precedent indicating that the statutory language of the PCRA one-year time-limit did not speak in unmistakable terms.

### 2. All State Appellate Courts Did Not Refuse to Review Mr. Yarris' Claims on the Merits

The PCRA court did not raise the time-bar as a ground for dismissing Mr. Yarris' second PCRA petition and instead heard argument on the issues raised in Mr. Yarris' second PCRA petition and denied relief on the merits in a ten page opinion. *Yarris III,* at 585; (Answer to Pet., Ex. K., PCRA *Yarris* at 5.) The Pennsylvania Supreme Court raised the time-bar *sua sponte. Yarris III* at 587.

### 3. The Rule the Pennsylvania Supreme Court Relied on in Refusing to Review the Claims Raised for the First Time in Mr. Yarris' Second PCRA Petition was Not Consistently Applied at the Time of the Alleged Waiver.

The third circuit has determined that it was not clear until March 2, 1999 in *Banks II* that the state PCRA statute of limitations was jurisdictional and not waivable, and that Pennsylvania state courts would discontinue the long-held practice in death penalty cases of allowing merits review for claims barred by the PCRA time-bar. *See Pace,* 2002 WL 485689, at *10 (quoting *Fahy,* 240 F.3d at 245). In 1997 the third

---

4. Subsection (a) states that original jurisdiction is in the court of common pleas. Section (c) limits the jurisdiction of the state courts to issue a stay of execution. Section (d) states standards governing admissibility of evidence,

discovery, and privilege during and relating to an evidentiary hearing. 42 PA. CONS. STAT. ANN. § 9545. Discovery and privilege are normally not considered jurisdictional matters. *Banks III,* 63 F.Supp.2d at 533.

circuit had stated that "the Pennsylvania Supreme Court does not apply the Pennsylvania procedural bar rules consistently in death penalty cases" and "it is, of course, possible in death penalty cases (and other cases as well) that future experience will show that the Pennsylvania Supreme Court consistently and regularly applies the 1995 amendments to the PCRA and thereby creates a procedural bar sufficient to satisfy the standard of *Johnson v. Mississippi*. That time, however, has not yet been reached." *Banks I* at 213–214 & n. 3. As of the date of Mr. Yarris' alleged waiver in 1996, the third circuit had found that the PCRA time-bar was not uniformly applied to bar federal review in capital cases.

Not only was Pennsylvania law unclear in general about whether the relaxed waiver doctrine would trump the PCRA time-limit, but the manner in which the time-bar was applied in Mr. Yarris' case made the procedural rule even more uncertain for the following reasons:

(1.) *The relaxed waiver rule in capital cases was actually applied in Mr. Yarris' case, in his direct appeal. Yarris I at 521.* ("Although this issue was not presented to the trial court for determination, and the court did not rule...we deem it suitable to review the issue under the exception to the waiver doctrine...which limits application of the waiver doctrine in appeals of death sentences.").

(2.) *At his initial PCRA hearing, the PCRA judge and then the Supreme Court in affirming the decision, invited Mr. Yarris to submit a second PCRA petition.* In a 1995 opinion affirming the denial of defendant's first PCRA petition, the Pennsylvania Supreme Court stated that defendant would have an opportunity to litigate additional claims in a second PCRA petition. Petitioner had contended that the trial court erred in refusing to grant him a continuance during the hearing on his first PCRA petition in order to consult with counsel concerning additional claims and to produce witnesses. The trial court stated that defendant would be permitted to litigate additional issues in a future petition. The Supreme Court endorsed this statement by remarking that "although [appellant] would have us believe that the trial court's ruling had foreclosed him from pursuing any future claims for relief under the PCRA, our review of the record belies such an implication." *Yarris II* at 221 n. 8.

(3.) *Mr. Yarris was sent back to state court in June of 1997 by a district court judge, after the PCRA time-limit was allegedly effective, to exhaust state remedies because the district court believed it was unclear whether the PCRA time-bar was jurisdictional. Yarris III,* at 585 n. 4.

Like all other death-sentenced inmates, according to the third circuit, Mr. Yarris was not put on absolute notice that he had to comply with the PCRA's one-year time-limit until March 1999, over three years after the January 16, 1996 date when he allegedly waived all of the claims first raised in his second PCRA petition. Moreover, application of the time-limit to bar federal review would be particularly egregious here given the undisputed evidence that the relaxed waiver rule was repeatedly applied to Mr. Yarris' case by state and federal courts, and, that he was expressly invited to submit a second PCRA petition by the state's highest court which then declared it time-barred when he did submit it, without affording his

counsel an opportunity to brief the time-bar issue.

> D. *Whitney v. Horn, 280 F.3d 240 (3d Cir.2002), Does Not Compel a Finding That the PCRA Time–Limit is an Independent and Adequate State Rule to Bar Federal Relief*

■ At oral argument, respondents argued that there is binding third circuit precedent that the PCRA time-bar is an adequate and independent state ground to bar federal review and cited *Whitney* for this proposition. (Oral Argument) Petitioner argued that *Whitney* should not be read for such a broad proposition. Instead, petitioner contends that the proper reading of third circuit precedent is that if a claim is raised in state court and a state rule is invoked as a procedural bar to reviewing the claim on the merits, then a federal court must examine the state rule to ensure that it is independent and adequate to bar federal review. (Oral Argument); *Doctor*, 96 F.3d at 683–84. According to petitioner, the *Whitney* decision and the cases upon which it relies, involve factually different situations from the one at issue, that is, where claims are procedurally defaulted because they were never raised before the highest Pennsylvania state court. In such a situation, a petitioner has to show cause and prejudice or miscarriage of justice to excuse the default. This court agrees with petitioner's reading of *Whitney*.

A district court granted Mr. Whitney, a petitioner sentenced to death, *habeas corpus* relief because the trial judge erred in instructing the jury on the defense of voluntary intoxication. *Whitney*, 280 F.3d at 244. Mr. Whitney did not allege either in his direct appeal or in his PCRA petition that the trial judge had erred in instructing the jury on this defense. *Id.* at 246–47. This claim was first raised in Mr. Whitney's federal *habeas* petition at a time when it was conceded by his counsel that it would be futile to attempt to raise this claim in state court in a second PCRA petition. *Id.* at 247–48.

Mr. Whitney persuaded the district court that the PCRA time-bar was not an independent and adequate state ground to bar federal relief because Mr. Whitney had no notice that the Pennsylvania Supreme Court would abandon the relaxed waiver rule and that claims raised in a second PCRA petition would be untimely, until it was already too late for him to file a second petition. *Id.* at 248. The district court concluded that although Mr. Whitney had failed to present his involuntary intoxication claim to the state courts in any petition, exhaustion should be excused, and the PCRA time-bar was not an adequate and independent state ground for denying Mr. Whitney relief. *Id.* at 248–49. The third circuit reversed, finding that Mr. Whitney had procedurally defaulted his claims and could not show prejudice to overcome that default.

The third circuit reasoned that because Mr. Whitney did not raise his challenge to the trial court's instruction in any state court proceeding, he had to file another PCRA petition to exhaust this claim in state court. However, any PCRA petition would have been dismissed as untimely because of the PCRA time-bar. Therefore, Mr. Whitney was "clearly foreclosed" from attacking the jury instruction in state court. *Id.* at 252. The court emphasized that its earlier decision, *Lines v. Larkins*, 208 F.3d 153 (3d Cir.2000), stands for the proposition that "claims deemed exhausted because of a state procedural bar are procedurally defaulted." *Whitney*, 280 F.3d at 252 (quoting *Lines*, 208 F.3d at 160). The *Whitney* court further quoted *Lines* for the proposition that "[w]hen exhaustion is futile because state relief is procedurally barred, federal courts may only reach the merits if the petitioner makes the standard

showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice." *Whitney*, 280 F.3d at 252–53 (quoting *Lines*, 208 F.3d at 166). The *Whitney* court stated that the analysis in *Whitney* was indistinguishable from that which it had used in *Lines*, since it was irrelevant that Mr. Whitney was a capital petitioner for application of the PCRA time-bar. *Whitney*, 280 F.3d at 253.

*Whitney* acknowledged that the court had not analyzed in *Lines* whether Pennsylvania's time-limit was an adequate and independent state rule. *Id.* Whitney did not hold that the PCRA time-limit was an adequate state rule to bar federal review. Nevertheless, respondents appear to argue that because the third circuit required a showing of cause and prejudice by Mr. Whitney to excuse his default, the court implicitly found that the PCRA time-limit is an independent and adequate state rule that bars federal review without a showing of cause and prejudice or miscarriage of justice.[5] However, as explained *supra*, Mr. Whitney never raised his intoxication defense claim in state court, so the federal court could not have reviewed the adequacy of a state procedural rule.

Further, the statement that the analysis in Whitney is indistinguishable from that taken in *Lines* does not compel a conclusion that the PCRA time-limit is an independent and adequate state rule. The third circuit's analysis in *Lines* seems to turn on the fact that there, like Mr. Whitney, Mr. Lines never presented his federal claims to the highest state court. The claims were deemed exhausted because the PCRA time-limit bars *additional* PCRA petitions. The third circuit noted that although Mr. Lines raised the federal claims in his direct appeal to the Pennsylvania Superior Court, after that court had dismissed his appeal pursuant to Pennsylvania's fugitive forfeiture rule, Mr. Lines'

petition for allowance of appeal to the Pennsylvania Supreme Court challenged only the lower court's application of the forfeiture rule. *See Lines*, 208 F.3d at 161. Mr. Lines did not set forth any of the substantive claims upon which he relied in his brief to the Superior Court nor did he discuss his underlying claims at any point in his petition to the Pennsylvania Supreme Court. *Id.* at 162. Therefore, under the Pennsylvania Rules of Appellate Procedure, Mr. Lines' federal claims were never raised properly before the Pennsylvania Supreme Court. *Id.* Therefore, neither the *Lines* nor *Whitney* decision required discussion of the PCRA time-limit as an independent and adequate state rule. Indeed, the time-bar was not invoked by the state courts to bar review of federal claims in either case.

Mr. Yarris' case factually is materially different from that of each petitioner in *Lines* and *Whitney*. Those petitioners did not raise their federal claims before the Pennsylvania Supreme Court. In order to cure this procedural default, they would have had to submit additional PCRA petitions, knowing that they were time-barred. Thus, their claims are exhausted because of a state procedural rule. Conversely, Mr. Yarris filed his second PCRA petition with the Pennsylvania Supreme Court at a time when he reasonably believed that he was properly raising his federal claims in state court; the capital waiver rule was still followed, he had been invited to submit a second PCRA petition, and the PCRA court had decided the claims in his second petition on the merits.

 It is a question of federal law for a federal court whether a state rule is sufficiently adequate and independent to bar federal rule. *See Ford*, 498 U.S. at 423–24, 111 S.Ct. 850. This court finds

---

5. The court has inferred the parties' positions from the record oral argument.

that § 9545(b) was not an adequate state rule at the time of Mr. Yarris' alleged default. If a state rule is not adequate and independent then a petitioner does not have to show cause and prejudice or miscarriage of justice to excuse the default. *Doctor*, 96 F.3d at 683. Therefore, the court must proceed to review all substantive claims raised in Mr. Yarris' second PCRA petition.

B. *A Claim Not Raised in State Court May be Deemed Properly Exhausted if it Falls Within a Class of Claims the State Supreme Court is Required by Statute or Its Own Precedent to Review, or if the Supreme Court Did Expressly Review it.*

Petitioner argues that Pennsylvania's statutory scheme in capital cases combined with a policy that the Pennsylvania Supreme Court can *sua sponte* raise issues in a capital case, means that any record-based claim must be deemed exhausted and not procedurally defaulted, no matter when it is raised by a petitioner. (Pet.'s Reply at 9–10.) Respondents contend that unless an inmate timely and properly forwards a claim to the state court or the state court decides the claim *sua sponte*, the claim is procedurally defaulted. (Resp. to Pet.'s Reply at 14.) Because this court's ruling that the time-bar is not an adequate state rule allows federal review of all claims raised in the second PCRA petition, the court will not reach this issue of record-based exhaustion in any detail but will discuss its position inasmuch as the parties extensively briefed the issue and it is relevant to the *Mills* claim reviewed at oral argument.

■ This court holds that a claim not raised in state court may be deemed properly exhausted if it falls within a class of claims the state supreme court is obligated by statute, or its own precedent, to review

or if the Supreme Court did expressly raise and review it; however, any possible claim which could be construed as in the record, is not deemed exhausted. *See Commonwealth v. Appel*, 517 Pa. 529, 539 A.2d 780, 781, 783–84 (Pa.1988) *rev'd on other grounds* (Supreme Court reviewed record even though defendant submitted no briefs and presented no argument in his favor to ensure that the sentence comported with the requirements of the death penalty statute). The relevant provision in Pennsylvania's capital sentencing statute at the time of the direct review of Mr. Yarris' capital sentence was as follows:

(h) Review of death sentence.-

(1) A sentence of death shall be subject to automatic review by the Supreme Court of Pennsylvania pursuant to its rules.

(2) In addition to its authority to correct errors at trial, the Supreme Court shall either affirm the sentence of death or vacate the sentence of death and remand for further proceedings . . .

(3) The Supreme Court shall affirm the sentence of death unless it determines that:

(i) the sentence of death was the product of passion, prejudice or any other arbitrary factor; or

(ii) the evidence fails to support the finding of at least one aggravating circumstance . . . , or

(iii) the death sentence was excessive or disproportionate to the penalty imposed in similar cases.

42 Pa. Cons. Stat. § 9711(h)(1)-(3)(i)-(iii)(1995).

■ The Pennsylvania Supreme Court must review the evidence to ensure it is sufficient to support a first degree murder death penalty conviction, even if the appellant fails to argue that the evidence is

insufficient. *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 454 A.2d 937, 942 n. 3 (1982). Also the Supreme Court's practice is not to affirm a death sentence unless it is satisfied that the defendant's trial and sentencing are free from particular constitutional errors and will raise such errors *sua sponte. See Commonwealth v. Brown,* 551 Pa. 465, 711 A.2d 444, 456 (Pa.1998) (raising prosecutorial misconduct); *Commonwealth v. Billa,* 521 Pa. 168, 555 A.2d 835, 842–43 (Pa.1989) (raising the failure of the trial court to give a limiting instruction concerning the purpose for which the jury could consider the evidence of a prior alleged crime by defendant and the constitutional ineffectiveness of counsel in failing to raise the lack of instruction). Further, the Supreme Court has noted various claims that would be considered an "arbitrary factor" requiring it to vacate a death sentence. *See Commonwealth v. Stoyko,* 504 Pa. 455, 475 A.2d 714, 720–21 (1984) (finding that prejudicially ineffective assistance of counsel at the sentencing hearing an arbitrary factor under § 9711(h)); *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630, 644 (Pa.1992) (reliance in any manner upon the Bible or any other religious writing in support of the imposition of a penalty of death an arbitrary factor).[6]

### 1. *Mills Claim*

■■■■ Petitioner claims that his penalty phase hearing was unconstitutional because the jury was misinformed that it had to be unanimous in finding mitigating evidence prior to considering and giving it effect. (Am. Pet. ¶¶ 230–240; Pet.'s Reply at 112.) Petitioner argues that this is a record-based claim which the Pennsylvania Supreme Court had the obligation to review. (Pet.'s Reply at 113.) The court agrees.

■■■■ As discussed *supra,* to affirm Mr. Yarris' conviction on direct review, the Pennsylvania Supreme Court necessarily had to review whether his death sentence was the product of passion, prejudice, or any other arbitrary factor. 42 Pa. Cons. Stat. § 9711(h)(i). A jury instruction containing a Constitutional error is an arbitrary factor. In *Mills v. Maryland,* 486 U.S. 367, 374–75, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), the United States Supreme Court held that a death sentencing scheme was unconstitutional if it precluded the sentencer from considering and giving full effect to any mitigating aspect of defendant's character, record, or the circumstances of the offense. The case was decided on June 6, 1988, over four months before petitioner's direct appeal was decided. Thus, the authority was available to the Pennsylvania Supreme Court at the time that it reviewed Mr. Yarris' death sentence for arbitrariness.[7] The Pennsylvania Supreme Court was obligated by statute and its own precedent to review the record for just such a Constitutional error as the allegedly impermissible jury

---

**6.** This is not intended to be an exhaustive list but rather an illustrative list of the type of constitutional errors the Pennsylvania Supreme Court has raised *sua sponte* or circumstances that the court has found constitute arbitrariness.

**7.** There is no retroactivity problem in Mr. Yarris' case since *Mills,* United States Supreme Court precedent, was binding on the Pennsylvania Supreme Court at the time of petitioner's direct review. *Teague v. Lane,* 489 U.S. 288, 290, 109 S.Ct. 1060, 103 L.Ed.2d

334 (1989) (holding that a new rule of constitutional law is applied to all cases pending on direct review or not yet final). In *Frey v. Fulcomer,* 132 F.3d 916, 923 (3d Cir.1997), the third circuit found that a death sentence violated the Eighth and Fourteenth Amendments since the jury instructions implied that the jury must unanimously agree on mitigating circumstances before it could use that circumstance in its deliberations. Petitioner claims that the jury instruction in his case is materially the same as the one in *Mills* and *Frey.*

instruction. Therefore, petitioner's *Mills* claim falls into the type of claims required to be raised and decided *sua sponte* by the Pennsylvania Supreme Court. The Court is deemed to have considered the jury instruction and concluded it was, as it stood, constitutionally firm. While it is not decided on the merits here, it is noted that the *Mills* claim clearly was exhausted as a matter of law and is now properly before this court.[8]

C. *If a Claim is Properly Raised in State Court, But There is No State Court Opinion Addressing the Federal Claims, Petitioner is Entitled to De Novo Review.*

▉ Petitioner argues that he is entitled to *de novo* review of any federal claim not addressed on the merits by the Pennsylvania Supreme Court. This is the case for all claims raised for the first time in petitioner's second PCRA petition because the Pennsylvania Supreme Court found the claims time-barred without reaching the merits. *Yarris III* at 587. Petitioner is entitled to *de novo* review of his claims where there is no articulated decision on the merits.

▉ There is no binding third circuit precedent on this issue and the district courts in this circuit are divided. This court agrees with the view that when the state court fails to reach the merits of an issue presented to a federal habeas court, AEDPA's deferential standards do not apply, and the reviewing court need not give special consideration to the state court's interpretation of federal law. *See Appel v.*

*Horn,* 1999 WL 323805, at * 5 (E.D.Pa. May 21, 1999). *But see Holland v. Horn,* 150 F.Supp.2d 706, 773 n. 51 (E.D.Pa.2001) (finding that for a claim to be considered properly raised and exhausted in state court, even though it was not expressly addressed in a state court opinion, a federal court has to assume that the state court decided against the petitioner on the merits of the claim and to grant relief the federal court must find that the decision was contrary to clearly established Supreme Court law or unreasonable under the facts). The court adopts the analysis and holding of the *Appel* court.

### Conclusion

For the reasons discussed above, the claims raised in Mr. Yarris' second PCRA petition are not procedurally defaulted. In a subsequent proceeding, the court will consider these claims on the merits.

An appropriate order follows.

### ORDER

AND NOW, this 20th day of August, 2002, it is hereby ORDERED that upon consideration of the Amended Petition for *Habeas Corpus,* Respondent's Answer to Petition for *Writ* of *Habeas Corpus,* the additional briefs by the parties, and the oral argument on the issue of procedural default, the court finds that none of the claims raised in the amended petition are procedurally defaulted. The court will re-

---

8. Even if the court did not find the *Mills* claim exhausted, the court notes that petitioner likely could meet the cause and prejudice standard to overcome any alleged procedural default of this claim. The cause prong for his default is met because the Pennsylvania Supreme Court invited Mr. Yarris to raise any additional claims in a subsequent PCRA petition and then refused to review his second

PCRA petition, containing the *Mills* claim, or even to allow briefing on the issue of whether his second PCRA petition was time-barred. The prejudice prong is met because the unconstitutional jury instruction limiting the jurors' consideration of mitigating factors could have made a difference between whether Mr. Yarris was sentenced to life or death.

view all claims raised in the 28 U.S.C. § 2254 petition.