HOULTON TRUST COMPANY,
PETITIONER FOR MANDAMUS

*vs.*

EAST BRANCH LAND COMPANY ET AL.

Aroostook.     Opinion, December 14, 1938.

*Bernard Archibald*, for petitioner.
*Raymond S. Oakes*, for exceptants.

SITTING: DUNN, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    This is a mandamus proceeding to require the East Branch Land Company, and the president and treasurer of that corporation, to transfer certain shares of its capital stock, issued and outstanding in the name of the Houlton Trust Company, as pledgee, to such banking institution as the outright owner thereof.

Ansel L. Lumbert, then of Houlton, since deceased, originally owned the stock. He deposited his certificates as general collateral

security for the payment of promissory notes given by him to the bank, the instant petitioner.

Evidence tends to show, as to principal, a partial reduction in the instance of one note only. All the notes are in suit.

There is evidence of the pledge, by the executrix of Mr. Lumbert's last will, to secure her own two notes, of the already pledged certificates. These notes are to the order of the same bank as those that, in his lifetime, her testate gave. The executrix' notes are apparently overdue and unpaid.

In this situation, the pledgee sold the collateral, at public auction, to itself (permissible under the deposit agreement), the proceeds to apply on the notes.

But, the East Branch Land Company declined, on suggestion of the executrix, who indicated possible fatal irregularity in the sale of the shares, to issue new certificates.

Issuance of the peremptory writ of mandamus was ordered. The order was not, however, inclusive of the executrix, although in the petition for mandamus she had been named a defendant.

In such connection, the executrix, here exceptant, is not, in a legal sense, aggrieved.

It suffices, in respect to other exceptions, to say that, the notes still remaining unpaid in part, it is not open to the executrix to insist invalidity in the sale of the collateral. See *Winthrop Bank* v. *Jackson,* 67 Me., 570.

*Exceptions overruled.*