[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 14555 de MOTION FOR REVIEW
This case came before the court as two consolidated case, CV 95 0144210 s and CV 95 0144760 s, consolidated under the latter docket number. A jury found for the plaintiff Tricoastal on three counts of the amended complaint. The court later found the CUTPA claim in favor of the plaintiff Tricoastal against the plaintiff, Betty Chang in the amount of $42,1500.00.
The court found credible evidence that the defendant Betty Chang had engaged in a variety of activities that are considered methods of unfair competition. The evidence at trial showed that after Chang left her employment with Tricoastal she knew of existing contracts, and that she interfered with the contracts by re-routing shipments, undercutting the plaintiff's prices based upon information she gained during the employer-employee relationship and changed consignees. The behavior in business is unethical, unscrupulous, immoral, and constitutes unfair trade practices because it interferes with a legitimate business expectancy. Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747,474 A.2d 780.
The defendant, Betty Chang, was in a demonstrable commercial relationship with her former employer. Chang left Tricoastal and formed her own company in direct competition with her former employer. Jackson v. R.G. Whipple, 225 Conn. 705, 726 A.2d 374
(1993). While a competitive business relationship with her former employer Tricoastal cannot alone form adequate basis for standing under CUTPA, her former employer, now competitor, has a legally protectable interest, while not showing direct consumer injury.Mclaughlin Ford v. Ford Motor Co., 192 Conn. 558, 567472 A.2d 1185 (1984). Although Chang was a former employee of Tricoastal, her actions do not fall within the employer-employee exception carved out in CUTPA because former employees diverting work from a former employer fall outside of the relationship. LarsonChelsey Realty Co. v. Larsen, 232 Conn. 480, 491-94,656 A.2d 1009 (1995).
The ascertainable loss in Plaintiff's Exhibit 5 showed the transactions interfered with by Chang and the loss resulting from the interference. The company's president testified regarding the companies lost profit on these specific transactions. Amwax Corp.v. Chadwick, 28 Conn. App. 739, 744-45, 612 A.2d 127 (1992). Here, CT Page 14556 the value of the existing contracts is a reasonable basis for the measure of damages. The plaintiff had an expectancy in the existing contracts in the amount of $42,150. The court used this as its basis for awarding damages under CUTPA. Gargano v. Heyman,203 Conn. 616, 620, 525 A.2d 1343 (1987).
HICKEY, J.