J. S27026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| NORMAN BARTLOW, | : | |
| | : | |
| Appellant | : | No. 1018 MDA 2015 |

Appeal from the PCRA Order May 14, 2015
In the Court of Common Pleas of Union County
Criminal Division No(s): CP-60-CR-0000086A-1976
CP-60-CR-0000086B-1976

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                     **FILED MAY 24, 2016**

Appellant, Norman Bartlow, appeals from the order entered in the Union County Court of Common pleas dismissing in part and denying in part his third Post Conviction Relief Act ("PCRA") Petition.[1]  We affirm.

Appellant was arrested on October 26, 1976, and charged with Criminal Homicide-Murder, [2] Criminal Homicide-Felony Murder,[3] Aggravated Assault,[4] Burglary,[5] and two counts of Robbery.[6]  On March 17, 1977,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. § 9541-9546.

[2] 18 Pa.C.S. § 2501(a) and 2502.

[3] 18 Pa.C.S. § 2501 and 2502(b).

[4] 18 Pa.C.S. § 2702(a)(1).

Appellant entered a counseled guilty plea to Murder generally. Following a three-day degree of guilt hearing, the trial court entered an order finding Appellant guilty of second degree murder. The trial court imposed the mandatory sentence of life imprisonment.

Appellant did not file a motion for reconsideration of sentence, nor did he file a motion to withdraw guilty plea. Instead, on April 26, 1984, Appellant filed a petition under the Post Conviction Hearing Act ("PCHA").[7] The trial court appointed counsel, who filed an amended PCHA Petition. The trial court held an evidentiary hearing on Appellant's Petition, after which it denied the Petition. The Superior Court affirmed. *Commonwealth v. Bartlow*, 00061 Harrisburg 1987 (unpublished memorandum) (Pa. Super. filed July 29, 1987).

On August 31, 1987, Appellant filed a second PCHA Petition. The trial court dismissed the petition on December 28, 1987. Appellant did not file an appeal from the order dismissing his second PCHA Petition.

On August 21, 2012, Appellant filed the instant *pro se* PCRA petition, his third, claiming entitlement to relief under *Miller v. Alabama*, 132 S. Ct. 2455 (2012). The trial court appointed counsel, who filed an amended

---

[5] 18 Pa.C.S § 3502.

[6] 18 Pa.C.S. § 3701(a)(i).

[7] The PCHA was the predecessor to the PCRA.

petition on May 6, 2014. In his Amended Petition, Appellant reiterated his *Miller* claim, and averred he was mentally incompetent at the time he entered his guilty plea. He claimed that "this petition was filed within 60 days of his becoming sufficiently competent to ascertain the facts upon which his underlying claims are predicated as the issue of his competency was not previously brought to his attention." Amended PCRA Pet., 5/6/14, at 3.

On May 12, 2015, the Commonwealth filed a Motion to Dismiss Appellant's PCRA Petition. Following a hearing, on May 14, 2015, the trial court granted the Commonwealth's Motion in part, dismissing Appellant's *Miller* claim because Appellant was nineteen years old when he committed the crime for which he was imprisoned, and denying the remaining aspects of Appellant's Petition on their merits.

Appellant filed a timely Notice of Appeal on June 4, 2015, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal. The trial court did not file a Rule 1925(a) Opinion.

Appellant raises three issues on appeal.

> 1. Whether the PCRA court committed reversible error by dismissing [Appellant's] PCRA claim that trial counsel was ineffective for failing to ensure he was competent at the time he entered his guilty plea and for failing to withdraw that plea?
>
> 2. Whether the PCRA court committed reversible error by dismissing [Appellant's] PCRA claim that his guilty plea

was not knowing and voluntarily entered due to his mental disability at the time he entered his guilty plea?

3. Whether the PCRA court committed reversible error by summarily denying [Appellant's] PCRA claim that the imposition of a life sentence without the possibility of parole for a defendant who was merely 19 years of age at the time of the offense violates both the Eighth and Fourteenth Amendment[s] to the United States Constitution and Article I, Section 13, of the Pennsylvania Constitution?

Appellant's Brief at 4.

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final, . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (internal citations and footnote omitted).

> The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is the petitioner's burden to allege and prove that one of the [three] timeliness exceptions applies.

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267-68 (Pa. 2008)

(internal citations omitted).

The three timeliness exceptions are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth of the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

The trial court sentenced Appellant to life in prison on April 4, 1977. He did not take a direct appeal, and thus his judgment of sentence became final thirty days thereafter, on May 4, 1977. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant then generally had one year to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant filed the instant petition over thirty-five years later, on August 21, 2012.[8] It is patently untimely.

---

[8] Further, because Appellant filed his Petition after January 19, 1996, he could not take advantage of the timeliness exception discussed in ***Commonwealth v. Banks***, 726 A.2d 374, 376 (Pa. 1999) (holding PCRA "provides that a petitioner whose judgment has become final prior to the effective date of the act[, i.e., January 16, 1996,] shall be deemed to have

- 5 -

We thus review whether Appellant properly pleaded and proved any of the PCRA exceptions.

Appellant claims on appeal that two of the three timeliness exceptions to the PCRA's time-bar apply. With respect to his first two issues on appeal, Appellant attempted to invoke the timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."). It is difficult to ascertain precisely the basis for Appellant's after-discovered evidence claim. However, it appears that Appellant is averring that his after-discovered evidence is the fact of his own incompetence at the time he entered his guilty plea, and that he has remained incompetent on an uninterrupted basis from the entry of his plea until he filed his Amended PCRA Petition. Appellant's Brief at 13, 16-18. He posits that the history of this case "suggests that trial counsel's performance was deficient and a reliable determination of guilt was not rendered[,]" and that "there was serious doubt that [Appellant] was competent at the time he entered his guilty plea." *Id.* at 18-19.

This claim is belied by the record. As the trial court stated at the conclusion of the PCRA hearing:

> First, there was a transcript of a guilty plea hearing before Judge Wilson on March 17[, 1977]. That is where

---

filed a timely petition . . . if the petitioner's first petition is filed within one year of the effective date of the act.").

[Appellant] pled guilty to second degree murder. The [c]ourt went over multiple questions regarding second degree murder. The [c]ourt went over multiple questions regarding [Appellant's] history, education, employment, living conditions. It went over in detail the allegations. The [c]ourt went over the evidence. And in each case [Appellant] indicated to Judge Wilson [ ] that he understood.

Then, apparently after that proceeding, either that evening or in the early hours of March 18, [1977,] it appears [Appellant] inflicted self injury in the form of cutting his wrists while incarcerated in the Union County Jail.

He was examined, apparently, that same day by Dr. Kroner who prepared a report [ ]. It is interesting because it indicated that [Appellant] is mentally disabled. Now, to what extent is not clear. It goes on then in the two-page typed report by Dr. Kroner to indicate that [Appellant] had knowledge of his situation, had – was able to understand the criminal process. It was clear that he was competent. Did have mental issues? I think we can assume that. But the question was competency.

The doctor's conclusions that "[Appellant] seems well acquainted with the charges against him and the potential consequences in terms of the legal alternatives associated with the degree of culpability. He seems to understand the relationship to an attorney and the function the attorney serves for him. There is no evidence of any mental or organic brain block to working cooperatively with his attorney in preparation of his defense."

Interesting are his conclusions in the last paragraph.

It appears that such an act – referring to the self-inflicted injuries – represents an attempt to escape from the consequences of previous behavior rather than from the hopelessness which accompanies a depressive illness."

Then on April 4 of 1977, [Appellant] again appeared before Judge Wilson regarding a plea to the robbery charge of the same incident. Judge Wilson again went

through almost the identical colloquy with [Appellant]. [Appellant's] answers were identical to those he made on March 17 indicating he understood the maximum penalty, he understood the evidence, he had recollection, and was able to explain to the [c]ourt his educational and employment history.

And then it goes on to a post conviction hearing transcript of June 17th, 1985, twenty years prior to this, where [Appellant] testified at length and was cross examined; and there was no indication that he did not understand what was taking place throughout that.

And then again in 1997 and 1998 in the file, which the [c]ourt has taken judicial notice of, there's correspondence from [Appellant] to the [c]ourt – actually, it's to the Prothonotary and to the Supreme Court of Pennsylvania requesting information. The letters obviously indicate some experience in a law library while incarcerated. There is not one scintilla of evidence that [Appellant] was incompetent.

His testimony again today, he was very aware of what he was doing back in 1977, he knew the crime, he knew the evidence, he knew the consequences of his plea, he even gave his reasons for his plea.

\* \* \*

. . . There is just not an establishment of incompetency at the time these proceedings took place. To the contrary, I think you testified today, you knew what you were doing. It's obvious you had some very difficult challenges in your life at that time just by what you did, so that's obvious. But did you meet the legal definition of incompetent, that it would justify delaying the filing of this PCRA twenty some – well, over that, as long as it has? No, it does not.

N.T., 5/14/15, at 28-31.

For the reasons placed on the record by the PCRA court, Appellant did not plead and prove any of the timeliness exceptions with respect to his first

two issues on appeal. *See Abu-Jamal*, 941 A.2d at 1267-68; *Copenhefer*, 941 A.2d at 648; *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Moreover, this Court's independent review of the record confirms that Appellant has demonstrated his competence on multiple occasions since his judgment of sentence became final in 1977. Not only did Appellant file two previous applications for post-conviction relief,[9] but Appellant also applied for clemency with the Governor in 2006. Appellant's clemency application had approximately 70 pages of attachments explaining Appellant's accomplishments in training, education, self-betterment, employment, charity, and church. Commonwealth's Ans. To Appellant's Amended Mot. for Post Conviction Relief, 8/1/14, at 6. This portion of the instant PCRA Petition is, therefore, untimely and the PCRA court lacked jurisdiction to consider its merits. *See Fahy*, 737 A.2d at 223.

With respect to Appellant's third issue on appeal, even if Appellant had proved a timeliness exception, *Miller* is not controlling because Appellant was not a juvenile at the time he committed the offense for which he pled guilty. *See Miller*, 132 S. Ct. at 2455. Accordingly, we affirm the order denying Appellant's third PCRA petition.[10]

---

[9] In the PCHA Petition filed in 1984, Appellant also raised a claim about the validity of his guilty plea and the effectiveness of his trial counsel.

[10] " [I]t is a well-settled doctrine in the Commonwealth that a trial court can be affirmed on any valid basis appearing of record." *In re T.P.*, 78 A.3d 1166, 1170 (Pa. Super. 2013) (citations omitted).

Order affirmed.  Jurisdiction relinquished.  Case remanded.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016