J-S93026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NATHANIEL RHODES, JR. | |
| Appellant | No. 1912 EDA 2016 |

Appeal from the PCRA Order dated June 14, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008491-2003

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                  **FILED JANUARY 31, 2017**

Appellant, Nathaniel Rhodes, Jr., appeals from the order dismissing his sixth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> At the conclusion of a three-day jury trial that commenced on March 10, 2004, [Appellant] was found guilty of three counts of Robbery and one count of Receiving Stolen Property.  The charges stemmed from a robbery at a 7-11 convenience store located at 1503 West Main Street in West Norriton, Montgomery County [on November 22, 2003, when Appellant was 33 years old].  On June 21, 2004, this court sentenced [Appellant] to 25 to 50 years in prison under the three-strikes statute, pursuant to 42 Pa.C.S.A. Section 9714(a)(2).  [Appellant] appealed a

_____

[*] Retired Senior Judge assigned to the Superior Court.

number of trial-related issues, and the Superior Court ultimately affirmed the judgment of sentence. Thereafter, the Supreme Court of Pennsylvania denied [Appellant]'s request for discretionary review on October 25, 2005.

[Appellant] subsequently prosecuted a counseled PCRA . . . petition that sought a new trial based on alleged trial counsel ineffectiveness. The Superior Court affirmed this court's denial of the petition in February 2008. On July 24, 2008, [Appellant] filed a pro-se federal habeas petition. [Appellant] was appointed counsel to file an amended petition, which was ultimately dismissed without a hearing on July 29, 2011. The Third U.S. Circuit Court of Appeals affirmed the dismissal of the federal habeas petition on July 25, 2012. [Appellant] filed a writ of certiorari, which the Supreme Court denied on January 7, 2013.

Meanwhile, [Appellant] filed a second pro-se PCRA on August 15, 2012, claiming he had discovered a Supreme Court case (**Commonwealth v. Shiffler**, 879 A.2d 185 (Pa. 2005)) that warrants resentencing in his case. [Appellant asserted "that his sentence is illegal because the trial court improperly sentenced him pursuant to the three strikes provision, 42 Pa.C.S.A. § 9714(a)(2),1 when he was never sentenced as a second strike offender." **Commonwealth v. Rhodes**, 2013 WL 11248416, at *3 (Pa. Super. Dec. 11, 2013).] The court appointed Richard J. Tompkins, Esquire to review [Appellant]'s pro-se Petition to determine whether there was merit to his argument.

After a conference with PCRA counsel, [Appellant], and the Commonwealth present, Attorney Tompkins sent a no-merit letter on January 9, 2013. Accordingly, and after an independent review of the record, this court sent [Appellant] a Notice of our intent to dismiss his PCRA Petition without a hearing. Subsequently, on March 11, 2013, this court denied the PCRA Petition without a hearing. [Appellant] timely filed a Notice of Appeal.

On December 11, 2013, the Superior Court affirmed the dismissal of [Appellant]'s second PCRA Petition without a hearing. Thereafter, on March 25, 2014, the [Appellant] filed a "Motion/Petition for Modification of Sentence Nunc Pro Tunc." This Court denied said Motion/Petition on April 11, 2014 due to its untimeliness. [Appellant] appealed this decision by Notice of Appeal on April 29, 2014. The Superior Court affirmed this

Court's dismissal of the Motion/Petition on November 25, 2014. Thereafter, on February 9, 2015, the [Appellant] filed a fourth, *pro se* "Motion for Post Conviction Collateral Relief," seeking relief of the grounds of an illegal sentence. On March 3, 2015, after an independent review of the record and finding no exception to the time limits pr[e]scribed by the PCRA, this Court sent the [Appellant] a Notice of its intent to dismiss his PCRA petition without a hearing. No response to this notice was received[;] therefore, on April 3, 2015[,] this Court issued a final order dismissing the petition without a hearing. On April 3, 2015, "Defendant's Response to Notice of the Intent to Dismiss Post Conviction Collateral Relief Act Motion Without A Hearing Pursuant to the Pennsylvania Rule of Criminal Procedure 907" was docketed. [Appellant] filed a timely notice of appeal, dated April 28, 2015 and Docketed May 4, 2015.

On September 17, 2015, the [Appellant]'s appeal from the dismissal of his 4th PCRA petition was dismissed, by *per curium* order, for his failure to file a brief. On January 6, 2016, the [Appellant] filed a Petition for Writ of Habeas Corpus, which this Court treated as an untimely 5th PCRA Petition. On January 26, 2016, this Court notified the [Appellant], in accordance with Pa. R. Crim.P. 907(1), of its intention to dismiss his 5th petition without a hearing. On February 22, 2016, this Court dismissed the petition. The [Appellant] did not appeal.

On March 4, 2016, the [Appellant] filed the instant PCRA petition. On April 11, 2016, after an independent review of the record and finding no exception to the time limits pr[e]scribed by the PCRA, this Court sent the [Appellant] a Notice of its intent to dismiss his PCRA petition without a hearing, in accordance with R. 907(1). The [Appellant] filed a Response to the Notice on April 22, 2016, which this Court determined raised no issue entitling the [Appellant] to relief or requiring a hearing; this Court issued a final dismissal on June 14, 2016. This timely appeal followed. The [Appellant] has complied with this Court's directive to produce a Concise Statement of Errors, pursuant to Pa.R.A.P. 1925(b).

PCRA Ct. Op., 8/31/16, at 1-3 (footnotes, citations, and indications of quotations from earlier opinions omitted; some interpolations added).

In his *pro se* appeal, Appellant raises the following issue, as stated in his brief:

WHETHER THE PCRA COURT ERRED AS A MATTER OF LAW WHEN DISMISSING THE APPELLANT'S POST-CONVICTION RELIEF ACT PETITION AS UNTIMELY, CONSIDERING THE FACT THAT THE APPELLANT ASSERTED IN HIS PETITION A NEWLY RECOGNIZED CONSTITUTIONAL RIGHT ANNOUNCED BY OUR UNITED STATES SUPREME COURT IN ***MONTGOMERY V. LOUISIANA***, 136 S. Ct. 718, 193 L. Ed 2d 599 (2016), IN WHICH OUR HIGHEST COURT HELD THAT THE CONSTITUTION REQUIRES THAT ALL NEW SUBSTANTIVE RULES OF LAW APPLY RETROACTIVELY IN STATE COURT COLLATERAL REVIEW PROCEEDINGS, REGARDLESS OF WHEN THE CONVICTION OR SENTENCE BECAME FINAL.

Appellant's Brief at 3.[1]

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

---

[1] This challenge was raised in Appellant's PCRA Petition, 3/4/16, at 3.

of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute.  **See** 42 Pa.C.S. § 9545(b).[2]

Here, the PCRA court concluded that it lacked jurisdiction over Appellant's sixth petition because the petition was untimely and Appellant failed to satisfy an exception to the PCRA's time bar.  The PCRA court explained:

> Despite many futile attempts, [Appellant] is again seeking to attack the legality of his sentence which, although unwaivable, is still subject to the timeliness provisions of §9545(b)(1). . . .

> "The PCRA's time restrictions are jurisdictional in nature.  Thus, if a PCRA petition is untimely, neither [the Superior] Court nor the [PCRA] court has jurisdiction over the petition." **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super.

---

[2] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

2013) (citing **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. Super. 2006)).  Moreover, without jurisdiction, there is no legal authority to address the substantive claims.  **Id.**

"Pursuant to § 9545(3), the one-year period in which to file a petition under the PCRA begins to run upon the conclusion of direct review."  **Commonwealth v. Banks,** 726 A.2d 374, 375 (Pa. 1999).  The Defendant was sentenced over 12 years ago on June 21, 2004.  The Superior Court affirmed his judgment of sentence on May 2, 2004 and the Pennsylvania Supreme Court denied discretionary review on October 25, 2005.  Thus, the [Appellant]'s sentence became final on January 23, 2006, after he declined to file a writ of certiorari to the Supreme Court.  Thereafter, he had until January 23, 2007 to file any petition under the PCRA per 42 Pa.C.S.A. §9545(b).  As described in length in the Court's previous Opinions and the Superior Court's affirmance decisions, the Defendant's attack on the legality of his sentence is patently untimely and does not fall within any of the exceptions provided by the Post-Conviction Relief Act.

PCRA Ct. Op., 8/31/16, at 4-5.

We agree that Appellant fails to meet any exceptions to the PCRA's jurisdictional time-bar.  Appellant did not file the instant petition until January 26, 2016, more than a decade after his judgment of sentence became final.  Appellant attempts to circumvent the time-bar by asserting the "new constitutional right" exception under subsection 9545(b)(1)(iii).  Appellant's Brief at 10.  Specifically, Appellant claims that:

Our United States Supreme Court's holding in **Montgomery v. Louisiana** recognizes a new constitutional right -- that the Constitution requires new substantive rules to apply retroactively in state collateral review proceedings regardless of when the defendant's conviction or sentence became final -- applies to the appellant's case through **Commonwealth v. Armstrong**, [107 A.3d 735 (Pa. 2014),] which prohibits a certain category of punishment for a class of defendant[s] that the appellant belongs to (defendant[s] who have never received a second-strike sentence pursuant to 42 Pa.C.S.A. Section 9714(a)(1) are

prohibited from receiving a third-strike sentence pursuant to 42 Pa.C.S.A. Section 9714(a)(2)), making this holding a constitutional ruling that was asserted by the appellant in his PCRA petition. Therefore, the appellant has met the time limitation exception found in 42 Pa.C.S.A. Section 9545(b)(1)(iii).

Appellant's Brief at 18-19.

Initially, we observe the United States Supreme Court in **Montgomery** held that **Miller v. Alabama**, 132 S. Ct. 2455 (2012), applies retroactively; **Miller** held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Id.** at 2460. Petitioners, such as Appellant,[3] who were at least 18 years old at the time of their crimes "are not within the ambit of the **Miller** decision [and its corollary, **Montgomery**,] and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016). Moreover, Appellant was not sentenced to life without the possibility of parole. Hence, **Miller** and **Montgomery** are inapplicable to Appellant.

Further, Appellant cannot shoehorn his three-strikes claim, which was raised in his second PCRA petition and rejected by a prior panel of this Court, into the **Miller**/**Montgomery** framework, which addresses the

---

[3] Appellant was born in October 1970, and thus was 33 years old when he committed the robbery at issue in November 2003.

constitutionality of mandatory sentences of life without parole for juvenile offenders. Contrary to Appellant's argument, **Montgomery** did not hold that all new constitutional decisions apply retroactively to cases on collateral review. Neither **Miller** nor **Montgomery** addressed whether a court could impose a third-strike sentence on a defendant, such as Appellant, who allegedly has not received a second-strike sentence. Having discerned no abuse of discretion or error of law, we affirm the order below.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017