J-S02026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH SCOTT | : | |
| | : | |
| Appellant | : | No. 1733 EDA 2017 |

Appeal from the PCRA Order May 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1026751-1982

BEFORE:   BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 02, 2018**

Appellant Joseph Scott appeals *pro se* from the order dismissing his fifth

Post Conviction Relief Act[1] (PCRA) petition.  He maintains that the PCRA court

erred by dismissing his petition because the record established he had court-

appointed counsel and by holding his petition was time-barred.[2]  We affirm.

We briefly state the facts as set forth by this Court:

> The evidence revealed that [A]ppellant and two accomplices
> conspired to burglarize the home of a 73 year old man who they
> had previously known as a neighborhood bootlegger and who had
> supplied them with liquor at various times in the past.  The
> conspiracy called for Naomi Mosely to have sex with the man while
> [A]ppellant and Joseph Willis ransacked the house.  However,
> before the would be burglars could gain entry to the house, the
> victim and Miss Mosely emerged from a second floor bedroom and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We reordered Appellant's arguments for the purpose of disposition.

surprised them at the front door. A confrontation ensued and [A]ppellant, wielding two knives, demanded money from the victim and then stabbed him when he refused to comply.

*Commonwealth v. Scott*, No. 1338 Philadelphia 1984, at 1 (Pa. Super. Nov. 1, 1985) (unpublished memorandum). Appellant was eighteen years old when he committed the above-stated acts.

A jury found Appellant guilty of second-degree murder, robbery, conspiracy, and possession of an instrument of crime. The trial court sentenced him to a mandatory sentence of life imprisonment. *Id.* This Court affirmed on direct appeal,[3] and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 24, 1986.

On October 9, 2007, Appellant, acting *pro se*, filed his fifth PCRA petition, which gives rise to this appeal. Specifically, he claimed that his appellate counsel and first PCRA counsel were ineffective by failing to file an appeal or an appellate brief.[4] Appellant's PCRA Pet., 10/09/07, at 3. He

_____

[3] Among the issues Appellant raised on direct appeal was whether the trial court erred by failing to provide him with "reports and records of the Commonwealth's key witness Naomi Mosley's psychiatric history and status." *Scott*, No. 1338 Philadelphia 1984, at 2. The Court affirmed that particular issue on the basis of the trial court's decision. *Id.* at 3. The trial court's decision, however, was not transmitted to this Court as part of the record.

[4] We note that the relevant docket reflects that Appellant was represented on direct appeal by George Newman, Esq., who filed an appellate brief on October 1, 1984. Docket for *Scott*, 1338 Philadelphia 1984. We add that Appellant raised the issue of his first PCRA counsel's alleged ineffectiveness in his second PCRA petition. *Commonwealth v. Scott*, 2025 Philadelphia 1993, at 1 (Pa. Super. Aug. 22, 1994) (stating, Appellant "brought a second post-conviction

contended that his petition was timely because it was filed within sixty days of the issuance of **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007). Appellant observed that in **Bennett**, the Pennsylvania Supreme Court reinstated a defendant's PCRA appeal rights *nunc pro tunc*. PCRA Pet. at 3.

On July 16, 2008, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. On August 2, 2008, Appellant filed his *pro se* response reiterating his claims.[5] In that response, Appellant stated that **Bennett** held that the "after discovered evidence" exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii) is a "misnomer and unduly limits application of that exception." Appellant's Rule 907 Resp. at 1. Appellant construes **Bennett** as obligating the trial court to admit Mosley's mental health report into evidence, which, in Appellant's view, would have undermined her testimony. **Id.** at 1-2. Appellant labels this mental health report as **Brady**[6] material and argues that it would have led to a different outcome at trial. **Id.** at 2. He thus contends he is entitled to a *nunc pro tunc* appeal from the PCRA court's denial of his

---

relief petition only because his then counsel did not file an appeal from an adverse determination of his first petition"). That Court addressed that claim and denied relief.

[5] The court docketed Appellant's response on August 19, 2008. **See generally Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule" a document is deemed filed when placed in the hands of prison authorities for mailing).

[6] **Brady v. Maryland**, 373 U.S. 83 (1963).

first PCRA petition. *Id.* The court did not rule on Appellant's petition at this time, and the docket lay dormant for five years.

The PCRA court's docket indicated that Richard W. Hoy, Esq., purportedly filed a response to the Rule 907 notice on August 19, 2008. Upon inquiry by this Court, the PCRA court stated that the docket entry was erroneous and that the only August 2008 filing was Appellant's *pro se* response. The PCRA court further noted that there was no indication that it ever appointed Attorney Hoy as Appellant's counsel for this fifth PCRA.

On July 27, 2012, the PCRA court docketed Appellant's amended PCRA petition, which he filed without leave of court. In his amended petition, Appellant alleged that he met the newly-recognized constitutional right exception, pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). Appellant claimed that even though he was eighteen years old at the time of his crimes, his sentence was unconstitutional under **Miller v. Alabama**, 567 U.S. 460 (2012).[7] The court did not immediately act on Appellant's petition. The docket reflects no subsequent activity for almost eighteen months.

---

[7] In **Miller**, the Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed upon defendants who were "under the age of 18 at the time of their crimes." 132 S. Ct. at 2460. In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the Supreme Court held that the **Miller** decision applied retroactively to cases on state collateral review. **Montgomery**, 136 S. Ct. at 736.

On December 19, 2013, Appellant filed a motion for leave to amend his October 11, 2007 PCRA petition and his July 27, 2012 amended PCRA petition. The motion for leave attached a proposed amended PCRA petition, which advanced only Appellant's **Miller** claim and not the claim of direct appeal and PCRA counsel's ineffectiveness that was raised in his 2007 petition. The PCRA court did not rule on Appellant's motion for leave to amend.

On March 15, 2014, Appellant filed another motion to amend his petition, claiming that court-appointed Attorney Hoy abandoned him and thus, he is entitled to relief under **Bennett**.[8] The PCRA court, however, did not rule on this motion. On August 11, 2014, Appellant filed a motion for appointment of new counsel, which the court docketed on September 2, 2014. The court did not rule on this motion for leave to amend, either.

The PCRA court's docket reflects an August 10, 2015 entry of Appellant's amended PCRA petition, but the record transmitted to this Court does not contain the petition.[9] On October 11, 2016, Appellant sent a letter to the court requesting a status update. The court did not respond.

---

[8] Appellant asserted that he had requested a copy of the PCRA court's docket, from which he learned that Attorney Hoy was allegedly representing him.

[9] This petition could have been entirely new, or could have been the petition that was attached to his December 19, 2013, or March 15, 2014 motion for leave to amend.

On November 29, 2016, Appellant filed a writ of *mandamus* noting that the PCRA court has not ruled on his outstanding PCRA petition, which had been pending for nine years. The court, again, did not rule.

On December 13, 2016, Appellant filed a petition for extraordinary relief with this Court, which reiterated his contention that the PCRA court had not ruled on Appellant's petition and various motions for almost a decade. This Court denied Appellant's petition, noting that only our Supreme Court has original jurisdiction to compel the lower court to act. Order, 1/10/17.

On March 28, 2017, Appellant filed another motion for appointment of counsel. The docket reflects that a new judge was assigned to Appellant's case on April 3, 2017, and the trial court issued another Rule 907 notice on April 4, 2017.[10] The notice stated that Appellant's petition failed to invoke an exception to any of the PCRA's timeliness requirements and that he was not entitled to relief under *Miller*.

Appellant filed a response to the Rule 907 notice on April 10, 2017. His response argued that his fifth PCRA petition, filed on October 9, 2007, was timely because it was filed within sixty days of the *Bennett* decision. Appellant added that he requested a docket and saw that Attorney Hoy filed a response to the PCRA court's Rule 907 notice on August 19, 2008—the same

_____

[10] We would be remiss if we did not acknowledge that prior to this case being reassigned to a new judge, the petition was not ruled on for almost ten years.

date the court docketed his *pro se* response. He asserted that Attorney Hoy abandoned him. Appellant also contended that he is entitled to relief under *Miller*.

On May 17, 2017, the PCRA court dismissed Appellant's petition as untimely.[11] Appellant timely appealed. The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

Appellant raises the two issues, which we have reordered as follows:

1. Did the PCRA Court erroneously dismiss Appellant's second or subsequent Petition when the record clearly shows that the PCRA had Counsel of Record?

2. Did the PCRA Court dismiss Appellant's second subsequent Petition based on erroneously concluding that it was untimely filed and does not plead or prove any exception to the time-bar?

Appellant's Brief at 4.

First, we address Appellant's contention that he was appointed counsel for the purposes of the present PCRA petition. *See Commonwealth v. Jackson*, 965 A.2d 280, 284 (Pa. Super. 2009). Appellant argued that the court appointed Attorney Hoy between February and July of 2008. Appellant's Brief at 13. Appellant claims that under *Bennett*, Attorney Hoy abandoned him. *Id.* Appellant asserts that because Attorney Hoy is representing him and has not withdrawn, the PCRA court should have given counsel the

_____

[11] We thus construe the court's order as granting Appellant leave to amend his 2007 PCRA petition.

opportunity to respond to Appellant's *pro se* amended petition invoking **Miller**. For these reasons, Appellant concludes that the court erred by dismissing his serial petition. **Id.** at 16-17.

It is well settled that a defendant has an automatic right to court-appointed counsel for the first PCRA petition. **See** Pa.R.Crim.P. 904(A); **Jackson**, 965 A.2d at 283. However, with respect to a second or subsequent PCRA petition, Rule 904(D) governs:

> On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.

Pa.R.Crim.P. 904(D). The comment explains "the rule now limits appointment of counsel on second or subsequent petitions so that counsel should be appointed **only** if the judge determines that an evidentiary hearing is required." Pa.R.Crim.P. 904 cmt.

Here, there is no indication that the PCRA court appointed Attorney Hoy, let alone determined that an evidentiary hearing was required for Appellant's fifth PCRA petition. **See** Pa.R.Crim.P. 904. As stated above, we acknowledge that the PCRA court's docket indicated that Attorney Hoy filed a response to the Rule 907 notice. But in response to this Court's inquiry, the PCRA court advised us that the docket entry was inaccurate and that it never appointed Attorney Hoy. **See id.** In conjunction with the absence of any indication by the PCRA court that it would have ordered an evidentiary hearing, we are

- 8 -

satisfied that it did not appoint counsel for Appellant. Thus, Appellant's first claim warrants no relief.[12]

Having resolved whether Appellant should be or was represented by counsel, we summarize his argument for his last issue. Appellant contends that because he turned eighteen just thirty days before he committed the instant crimes, he should be entitled to the benefit of the holding in **Miller**, which prohibited mandatory life-without-parole prison sentences for defendants under the age of eighteen at the time of their crimes. Appellant's Brief at 14.

We acknowledge that our Supreme Court has required this Court to examine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-

---

[12] Because we agree with the PCRA court that Attorney Hoy was not appointed as counsel and that the docket erroneously indicated that Attorney Hoy filed a response to the PCRA court's Rule 907 notice, we need not consider whether Attorney Hoy's alleged abandonment constituted a time-bar exception under **Bennett**.

(iii) applies." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (pa. 2007)

(citations and footnote omitted). A petitioner must plead and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "The PCRA's timeliness requirements are

jurisdictional in nature and must be strictly construed; courts may not address

the merits of the issues raised in a petition if it is not timely filed. It is the

petitioner's burden to allege and prove that one of the [three] timeliness

exceptions applies." *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1267-

68 (Pa. 2008) (citations omitted). Finally, we add that the *Miller* decision

"applies to only those defendants who were '**under the age of 18** at the time

of their crimes.'" *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super.

2016) (emphasis added) (quoting *Miller*, 132 S. Ct. at 2460).

Instantly, we examine whether the PCRA court erred by holding

Appellant's fifth PCRA petition was untimely. *See* 42 Pa.C.S. § 9545(b)(1),

(2); *Abu-Jamal*, 941 A.2d at 1267-68. Appellant's judgment of sentence

became final on November 24, 1986, after the Pennsylvania Supreme Court

denied his petition for allowance of appeal. Appellant had one year from that

date to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant's serial petition, filed almost twenty years later on October 9, 2007, is facially untimely.[13] We thus review whether Appellant pled and proved any of the PCRA time-bar exceptions.

In this case, Appellant claims the holding in **Miller** applies to his case. But, because Appellant was eighteen at the time he committed the offenses for which he pled guilty, **Miller** does not control. **See Furgess**, 149 A.3d at 94. Because Appellant failed to plead and prove any timeliness exception, we hold the PCRA court did not err by dismissing his fifth petition. **See Wilson**, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/18

---

[13] Because Appellant's petition was filed after January 16, 1996, he could not take advantage of the timeliness exception discussed in **Commonwealth v. Banks**, 726 A.2d 374, 376 (Pa. 1999) (holding that the PCRA "provides that a petitioner whose judgment has become final prior to the effective date of the act[, *i.e.*, January 16, 1996,] shall be deemed to have filed a timely petition . . . if the petitioner's first petition is filed within one year of the effective date of the act").